FILED
United States Court of Appeals
Tenth Circuit

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**January 3, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

DOUGLAS F. CARLSON;
MAYA ZUBKOVSKAYA,

    Plaintiffs - Appellants,

v.

COLORADO CENTER FOR
REPRODUCTIVE MEDICINE, LLC;
FERTILITY LABS OF COLORADO,
LLC; ROBERT L. GUSTOFSON, M.D.,

    Defendants - Appellees.

No. 23-1095
(D.C. No. 1:21-CV-01528-RMR-MEH)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, **BALDOCK**, and **McHUGH**, Circuit Judges.
_____

After initial review of this appeal, we remanded for the district court to

address whether diversity of citizenship supports federal jurisdiction under 28 U.S.C.

§ 1332.  The district court found diversity to be lacking.  But it then exceeded the

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal.  _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

limited remand's scope by dismissing the complaint and entering final judgment. We vacate the judgment and remand for further proceedings.

## I.  BACKGROUND

Plaintiffs sued one individual and two limited-liability companies ("LLCs"), asserting diversity of citizenship. They appealed the district court's order enforcing a settlement agreement.

We remanded "for the limited purpose of conducting proceedings to determine whether diversity exists for jurisdiction under § 1332." *Carlson v. Colo. Ctr. for Reprod. Med., LLC*, No. 23-1095, at 4 (10th Cir. Apr. 5, 2024), Doc. at 100. We retained "jurisdiction of this appeal pending the district court's completion of the proceedings on limited remand," and we directed the district court to "forward to this court a copy of its findings and conclusions regarding diversity jurisdiction." *Id.*

On remand, the district court found that, although the Plaintiffs are citizens of California and the individual defendant is a citizen of Colorado, members of both defendant LLCs are citizens of California. Consistent with our remand order, the district court reported its findings to this court. But it also dismissed Plaintiffs' complaint for lack of diversity jurisdiction and entered final judgment.

We then asked the parties to brief (1) whether the district court exceeded the limited remand's scope by dismissing the complaint and entering judgment, and (2) whether we should vacate the district court's judgment and remand for it to determine whether to dismiss or instead to dismiss the nondiverse defendants.

2

## II.  DISCUSSION

The diversity statute, § 1332(a), requires complete diversity—each plaintiff must be diverse from each defendant.  *See Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).  LLCs take the citizenship of their members.  *See Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1234 (10th Cir. 2015).

This court limited the remand to determine and report whether diversity existed.  The district court went further by dismissing the complaint and entering final judgment.

Plaintiffs ask us to dismiss the LLC defendants to achieve complete diversity. *See Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 572–73 (2004).  But the Supreme Court has cautioned that appellate courts should do so "sparingly." *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 837 (1989).  The parties contest whether the LLCs are indispensable parties and whether dismissing them would prejudice the Defendants.  The district court should evaluate those questions in the first instance.

### III.  **CONCLUSION**

We vacate the district court's final judgment dismissing Plaintiffs' complaint and remand for further proceedings.[1]

Entered for the Court

Scott M. Matheson, Jr.
Circuit Judge

---

[1] We deny as moot (1) Plaintiffs' Motion to Clarify Order Regarding Appellees' Citizenship Statement and (2) Plaintiffs' Motion to File Exhibits to Reply Brief Concerning Diversity Jurisdiction.